**Petition for Writ of Mandamus Denied and Opinion filed September 27, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00518-CV

---

## IN RE ANDREW SUMAN, CHAD MUIR, 2421 PARTNERS, LLC, CDM PARTNERS LP, DAS PARTNERS, LP AND ROHE & WRIGHT CONSTRUCTION, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-12144**

---

## OPINION

On February 25, 2016, the real party-in-interest Winfield Gate Partners, LLC (Winfield) filed an original petition and a Notice of Lis Pendens in the real property records of Harris County, Texas (the Lis Pendens). The Lis Pendens

affects residential real property located at 2421 San Felipe, Houston, Texas 77019, owned by relator 2421 Partners, LLC (the Property).

Relators Andrew Suman, Chad Muir, 2421 Partners, LLC , CDM Partners LP, DAS Partners, LP and Rohe & Wright Construction, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to (1) vacate her June 16, 2016 Order denying Defendants' Motion to Expunge the Lis Pendens, (2) order the expungement of the Lis Pendens, and (3) award relators the reasonable attorney's fees and costs they have incurred in seeking to expunge the Lis Pendens.[1]

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relators have not established that the trial court clearly abused its discretion.

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, McCally, and Busby.

---

[1] In moving to expunge the lis pendens in the trial court, relators did not assert that Winfield failed to establish by a preponderance of the evidence the probable validity of its entitlement to the remedy of constructive trust. *See* Tex. Prop. Code Ann. § 12.0071(c)(2) (West 2014). We therefore do not consider that issue.